UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                    :
UNITED STATES OF AMERICA,           :
                                    :      MEMORANDUM and ORDER
     - v. -                         :
                                    :      S4 05 CR 1192(NRB)
TONE N. GRANT,                      :
                                    :
                  Defendant.        :
                                    :
-----------------------------------x

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Pending before this Court are four _in limine_ motions and a motion to quash a government subpoena filed by defendant Tone N. Grant ("Grant"). Grant was the President of Refco Inc. ("Refco") from 1997 to 1998 and, until 2004, was the part-owner of Refco Group Holdings, Inc. ("RGHI"), which had an ownership stake in Refco. After Refco declared bankruptcy, Grant was indicted along with Phillip R. Bennett, Refco's CEO, and Robert J. Trosten, Refco's CFO from 2001 to 2004. They were charged with conspiracy to commit securities fraud, bank fraud, wire fraud, and money laundering, as well as for the substantive crimes that were the objects of the conspiracy. As the trial approached, Bennett and Trosten pled guilty and Trosten is now a cooperating witness for the government. We examine Grant's motions _seriatim_.

The first motion is styled "Motion in Limine Regarding Scope of Defense Case." This application seeks various evidentiary

-1-

rulings concerning Grant's proffer of a "consciousness of innocence" defense which was initially raised by him in the context of his motion for severance. See United States v. Bennett, 485 F. Supp. 2d 508, 513 (S.D.N.Y. 2007). More particularly, Grant seeks to introduce testimony either from his prior lawyers or himself setting forth a timeline of the production of Grant's handwritten notes of a meeting with Phillip Bennett at the Marriott Hotel on May 17, 2004 (the "notes") to the Securities and Exchange Commission ("SEC") following the issuance of a subpoena by the SEC to Grant on June 22, 2006. Grant maintains that his timeline would support his argument that an individual who took the notes, maintained the notes and produced the notes did not believe he had committed a crime. Having carefully reviewed Grant's motion papers, we are not persuaded that Grant has met his initial burden of demonstrating the relevance of the proffered evidence as there are any number of reasonable scenarios that account for the production of the notes that are inconsistent with Grant's theory of innocence. Thus, applying a Rule 403 balancing analysis, the probative value (if any) of the proffer is substantially outweighed by confusion of the issues resulting from the necessity of a trial within a trial to address the alternative explanations. However, we are receptive to receiving an offer of proof of the actual testimony (not simply its subject matter) that Grant seeks to introduce. From such a detailed offer of proof, we will be better

able to evaluate the proffer and the scope of the waiver of the attorney-client privilege resulting therefrom. Finally, we note that Grant should be able in the course of the trial to establish, even without calling the witnesses that are mentioned in this motion, much, if not all, of the timeline he seeks to establish.

Grant's second motion is directed to coconspirator statements. Grant seeks a pretrial determination of the predicates for the admission of coconspirator statements under Fed. R. Evid. 801(d)(2)(E). Grant acknowledges that such a hearing is not required by Second Circuit law or customarily conducted in this Circuit. See, e.g., United States v. Geaney, 417 F.2d 1116, 1120 (2d Cir. 1969). Nor is such a pretrial hearing required by Supreme Court precedent. See Bourjaily v. United States, 483 U.S. 171, 176 n.1 (1987). Grant has offered no adequate reason to deviate from this Circuit's well-established practice. Accordingly, the government may refer to "coconspirator" statements in its opening and introduce such evidence conditionally.

In this motion, Grant also seeks to exclude from the ambit of coconspirator testimony statements by cooperating witness Santo Maggio about statements made by Bennett concerning Grant. These statements easily come within the broad interpretation of the "in furtherance" requirement adopted in the Second Circuit. See United States v. Paone, 782 F.2d 386, 390-91 (2d Cir. 1986); see also United States v. Simmons, 923 F.2d 934, 945 (2d Cir. 1991). Thus,

-3-

Grant's motion is denied.

Grant's third motion is addressed to the admissibility of a presentation signed by Grant on behalf of Refco and made to BNP Paribas which included the statement: "We do not trade for our own account." Grant asserts that these materials are irrelevant to the conspiracy charged in the Indictment and as such only serve to portray Grant as a dishonest person. The short answer to this motion is that this conduct is directly charged in the Indictment at paragraph 59e. In reaching our decision that this evidence is admissible we accept as true the allegations of the Indictment that, at the time of the Paribas presentation, Refco was engaged in proprietary trading and was trying to disguise the significant losses it had suffered.

Fourth, Grant seeks to reargue its earlier motion on the timing of the production of Jencks Act material. The motion for reargument is denied. It appears from the briefing that substantial pretrial disclosure will and has been made and, moreover, the starting date of the trial has been adjourned to provide Grant and his counsel with additional time to prepare in light of the recent pleas of the co-defendants. Further, to the extent that recent productions by the government have raised questions in the minds of Grant's attorneys, those questions should be raised directly with the government. Memoranda to the Court are no substitute for that initial exchange.

Finally, Grant has moved to quash a subpoena to Jody Watkins, described in Grant's moving papers as his long-time girlfriend. The subpoena is directed to a gift of a New York apartment to Watkins apparently between the time of Bennett's arrest and indictment. Grant asserts that this subpoena is a misuse of the grand jury while the government maintains that it was served in connection with a separate money laundering investigation. Taking the government at its word, we see no reason that the return date of the subpoena should not be adjourned until the conclusion of the trial. In that regard, we remind Ms. Watkins that, having been served with a subpoena, she is required by law to preserve all documents arguably responsive to the subpoena. Furthermore, while we have adjourned the return date of the subpoena, this should not be understood as in any way preventing the government from introducing evidence of the transfers from public records or other sources if it is otherwise relevant.

**IT IS SO ORDERED.**

DATED:  New York, New York
        March 11, 2008

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

Attorneys for the Government
Neil Barofsky, Esq.
Christopher Garcia, Esq.
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, NY 10007


Attorneys for the Defendant
Roger Zuckerman, Esq.
Aitan Goelman, Esq.
Zuckerman Spaeder LLP
1800 M Street, N.W.
Washington, DC 20036


Attorney for Jody Watkins
Daniel J. Ruzumna, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036